ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br>SUCESIÓN DE RODOLFO SANTOS RODRÍGUEZ COMPUESTA POR KENNETH RODOLFO SANTOS CAQUIAS, SUCESIÓN DE RODOLFO SANTOS RODRÍGUEZ COMPUESTA POR HEREDERO A Y HEREDERO B, SUCESIÓN DE VALERIE MARIE SANTOS ROSARIO COMPUESTA POR ZURISADAI FIGUEROA SANTOS Y OTROS<br><br>Demandados<br><br>LCDO. MILTON CRUZ TORRES<br><br>Peticionario | TA2026CE00168 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV01830<br><br>Sobre:<br><br>Cobro de Dinero-Ordinario; Ejecución de Hipoteca; Propiedad Residencial |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 26 de marzo de 2026.

Comparece ante nos el Lcdo. Milton Cruz Torres (en adelante, el "Peticionario" o "Lcdo. Cruz Torres) mediante una Petición de *Certiorari* instado el 13 de febrero de 2026. En su recurso, nos solicita que revoquemos la Orden emitida por el Tribunal de Primera Instancia (en adelante, el "TPI" o "foro Primario") en la cual se le designó como abogado de oficio de la parte demandada.

Por los fundamentos que expondremos a continuación se expide el auto de *Certiorari* y se revoca la Orden emitida por el foro primario. Exponemos el trasfondo fáctico y procesal que acompaña la presente controversia.

**I.**

El 9 de abril de 2025, el Banco Popular de Puerto Rico (en adelante, "Banco Popular") presentó Demanda de Cobro de Dinero y Ejecución de Hipoteca en contra de la Sucn. de Rodolfo Santos Rodríguez compuesta por Annadelle Santos Cruz, Kenneth Rodolfo Santos Caquias; Heredero A y Heredero B; y la Sucn. Valerie Marie Santos Rosario compuesta por Zurisadai Figueroa Santos, Andrés Miguel Figueroa Santos, Miguel Ángel Figueroa Lugo, Herederos C y Heredero D.[1]

El 26 y 27 de abril de 2025, se diligenciaron los emplazamientos correspondientes.[2]

El 3 de junio de 2025, Banco Popular formuló un escrito de Solicitud de defensor judicial, debido a que los codemandados Zurisadai Figueroa Santos y Andrés Miguel Figueroa Santos son menores de edad y su padre el señor Miguel Ángel Figueroa, es parte también del caso de autos.[3]

El 5 de agosto de 2025, el Tribunal de Primera Instancia mediante una Orden expuso que "[s]e ordena a Miguel Ángel Figueroa Lugo informar si tiene algún defensor judicial que sugerir al tribunal para los menores Zurisadai y Andrés Miguel Figueroa Santos en los próximos 10 días o el tribunal estará [sic] designando uno".[4]

---

[1] Véase Ent. Sum. TPI. Núm 1.
[2] Véase Ent. Sum. TPI. Núm 9 y 12.
[3] Véase Ent. Sum. TPI. Núm 21.
[4] Véase Ent. Sum. TPI. Núm 27.

El 15 de agosto de 2025, la Sucn. Valerie Santos Rosario compuesta por Zurisadai Figueroa Santos, Andrés Miguel Figueroa Santos y Miguel Ángel Figueroa Lugo mediante una Moción en cumplimiento de orden señalaron que no tenían identificado a persona alguna que pudiera fungir como defensor judicial de los menores de edad.[5]

El 28 de enero de 2026, el TPI realizó una Orden de asignación de oficio en la cual designó al Lcdo. Cruz Torres para que representara a Andrés Miguel Figueroa Santos.[6]

Al día siguiente, el 29 de enero de 2026, compareció el Peticionario mediante una Moción en Solicitud de Relevo de Designación como abogado de oficio. En este escrito estableció que:

> [E]l compareciente respetuosamente informa al Honorable Tribunal que actualmente no ejerce la practica activa de la abogacía, toda vez que durante los últimos diez (10) años se ha dedicado a tiempo completo a la administración y dirección de facilidades de salud.
>
> Que, debido a sus responsabilidades profesionales actuales, el compareciente no cuenta con la disponibilidad de tiempo ni con la práctica forense activa necesaria para atender y manejar adecuadamente los procedimientos judiciales que conlleva el presente caso.
>
> Que esta situación le imposibilita cumplir cabalmente con los deberes éticos y profesionales que requiere la representación legal efectiva de una parte declarada indigente, conforme a lo más altos estándares de competencia y diligencia profesional exigidos por el ordenamiento jurídico.
>
> Que mantener la designación en estas circunstancias podría redundar en perjuicio para la parte representada, al no poder garantizársele una representación legal adecuada, diligente y continua.[7]

---

[5] Véase Ent. Sum. TPI. Núm 30.
[6] Véase Ent. Sum. TPI. Núm. 48.
[7] Véase Ent. Sum. TPI. Núm. 49.

El 4 de febrero de 2026, el TPI emitió un "No Ha Lugar" a la Moción [de] relevo de representación legal designación [sic] abogado de oficio. [8]

El 5 de febrero de 2026, el Peticionario presentó una Moción de Reconsideración.[9] En su escrito añadió como argumento que no ejerce la práctica privada de la abogacía desde hace treinta (30) años.[10] Asimismo, expuso que "el compareciente no ha mantenido una práctica forense activa, ni ha desarrollado la destreza procesal, la familiaridad con el trámite judicial, ni la estructura profesional necesaria para asumir la representación judicial efectiva de una parte en un litigio contencioso".[11]

El 5 de febrero de 2026, el TPI emitió un "No Ha Lugar" en torno a la Moción de Reconsideración.[12]

El 6 de febrero de 2026, el Peticionario presentó una Segunda Moción de Reconsideración.[13] El 10 de febrero de 2026, el TPI mediante una Orden expresó que "[n]o se permite segunda reconsideración".[14]

Inconforme con esta determinación, el 13 de febrero de 2026, el Peticionario presentó una Petición de *Certiorari* ante este honorable foro, en la cual realizó los siguientes señalamientos de errores:

> Erró el Tribunal de Primera Instancia al denegar el relevo de abogado designado de oficio, pese a que la prueba demuestra que éste ocupa una posición ejecutiva de máxima responsabilidad como CEO de entidades que prestan servicios esenciales de salud a miles de personas imposibilitando materialmente una representación legal efectiva.
>
> Erró el Tribunal de Primera Instancia al ignorar que el abogado designado nunca ha litigado casos ante los

---

[8] Véase Ent. Sum. TPI. Núm. 51.
[9] Véase Ent. Sum. TPI. Núm. 53.
[10] *Íd*.
[11] *Íd*., pág. 2.
[12] Véase Ent. Sum. TPI. Núm. 54.
[13] Véase Ent. Sum. TPI. Núm. 55.
[14] Véase Ent. Sum. TPI. Núm. 59.

tribunales, colocando al cliente de oficio en una desventaja real e indebida.

Erró el Tribunal de Primera Instancia al concluir que no existe conflicto de intereses, al no considerar que la relación comercial sustancial y continua ente el abogado designado y la parte adversa compromete – o aparenta comprometer- su independencia profesional.

Erró el Tribunal de Primera Instancia al analizar aisladamente cada circunstancia planteada, sin considerar su efecto acumulativo sobre el derecho del representado a una asistencia legal efectiva.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction, Inc*., 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728 (2016). Aunque el *certiorari* se reconoce como un recurso discrecional la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 729; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone, en lo pertinente, que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones, cuando

se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta dispone que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B. Reglamento para la asignación de Abogados y Abogadas de oficio de Puerto Rico.

La Regla 1 del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, 4A LPRA Ap. XXXVIII, expone que el Reglamento se promulga a base del poder inherente del Tribunal Supremo de Puerto Rico para regular a los abogados y abogadas dentro de nuestra jurisdicción territorial y establece los procesos necesarios para facilitar la sana administración de la justicia. Esto, a base de el principio consagrado en el Art. II Sec. I de la Constitución del Estado Libre Asociado de Puerto Rico sobre la igualdad ante la ley y el deber que tiene el gobierno de garantizar el acceso a la representación legal a personas de bajos recursos económicos. *Íd*.

La Regla 5 (b)(9) esboza cuales son los procedimientos judiciales de naturaleza civil en los que aplica un abogado de oficio entre ellos se encuentran los casos de ejecución de hipoteca. Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra*.

Los conflictos éticos están regulados bajo la Regla 8(g) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra* esta regla dispone que:

> Cuando un abogado o la abogada de la Sociedad para Asistencia Legal, o cualquier entidad análoga, o un abogado o una abogada de oficio alegue que no puede asumir o continuar con la representación legal por razón de un conflicto ético, lo advertirá de inmediato al tribunal para que se dirima el asunto ante otro juez u otra jueza. La vista *ex parte* será confidencial y deberá celebrarse dentro de un término no mayor de 5 días. En un periodo no mayor de 2 días contados a partir de la celebración de la vista, el juez o la jueza que presida la vista deberá resolver si existe o no justa causa para no asumir representación legal o solicitar relevo por razones éticas o solicitar relevo por razón de conflictos de interés según aplique. La información divulgada por el abogado o la abogada en vista solo será la necesaria para que el tribunal dirima el conflicto y no implicara una violación al ordenamiento ético, siempre que sea pertinente.

En lo que respecta a los criterios para autorizar el relevo de representación legal la Regla 8(h) establece que una vez se realiza la asignación de abogado solo se relevará al abogado que presente una moción al tribunal y demuestre justa causa según lo dispone el reglamento. La justa causa se evaluará conforme a lo establecido en la Regla 9 (b) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra*. La regla antes mencionada considerará los siguientes motivos como justa causa:

(1) La asignación seria onerosa en vista de la cantidad de asignaciones de oficio recibidas o de la cantidad de horas de oficio *pro bono* ofrecidas en la representación de oficio y certificadas al amparo de este Reglamento durante el año fiscal en curso.

(2) Durante el año fiscal, el abogado o la abogada recibió 3 asignaciones previas que le requirieron una inversión sustancial de tiempo. Se entenderá que un abogado o una abogada realizó una inversión sustancial de tiempo. Se entenderá que un abogado o una abogada realizó una inversión sustancial de tiempo cuando las 3 asignaciones de oficio al amparo de este Reglamento le han requerido en el año fiscal en curso

   i. la prestación, en el agregado, de más de 50 horas certificadas por el tribunal o

   ii. la atención de juicios criminales en su fondo;

*(3)* *la [sic] asignación implicaría un quebrantamiento de los deberes éticos de diligencia y competencia, o*

*(4)* *existan [sic] conflictos de intereses personales, éticos o profesionales.*

(Énfasis suplido).

Se dispone expresamente que la enumeración antes expuesta no es taxativa, por lo que todo abogado y toda abogada podrá solicitar un relevo de una asignación de oficio por otras razones que constituyan justa causa.

### C. Defensor Judicial

El defensor judicial es un tutor especial designado por el tribunal para que represente a un menor de edad o un

incapacitado en un pleito específico. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 486 (2019).

La figura del defensor la podemos encontrar en las Reglas de Procedimiento Civil. La Regla 15.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, establece que:

> Un o una menor deberá comparecer por medio de su padre o madre con patria potestad o, en su defecto, por medio de su tutor o tutora general. Una persona mayor de edad o emancipada que esté judicialmente incapacitada deberá comparecer por medio de su tutor o tutora general. Sin embargo, el tribunal podrá nombrarle un defensor o una defensora judicial a cualquier menor o persona incapacitada judicialmente siempre que lo juzgue conveniente o esté dispuesto por ley.

"El nombramiento procede en virtud del poder de *parens patriea* [padre de la patria] que ostenta el Estado y que tiene como único y principal objetivo asegurar el bienestar de los menores e incapaces". *Rivera Marrero v. Santiago Martínez, supra*, pág. 486*.* La función del defensor judicial es servir protección a los menores y suplir la capacidad a éstos, cuando tengan intereses contrarios a los de sus progenitores. *Íd.*

Esta designación se realizará a modo de excepción, siempre y cuando los padres y madres con patria potestad tengan un interés contrario al del menor. *Álvareztorre Muñiz v. Sorani Jiménez*, 175 DPR 398, 427 (2009). Este interés contrario u opuesto ha sido interpretado por el Tribunal Supremo "en el sentido de que exista una incompatibilidad de intereses sobre determinados bienes, por ser los padres y los hijos, por ejemplo, copartícipes de una misma herencia o, respectivamente herederos y legatarios de la misma sucesión". *Guerra v. Ortiz*, 71 DPR 613, 625 (1950).

**III.**

Por estar estrechamente relacionados los errores señalados se analizarán conjuntamente. En síntesis, los errores cuestionan una Orden emitida por el TPI en donde se debió relevar al Peticionario como abogado de oficio, debido a que nunca ha litigado en los tribunales. La realidad es que el nombramiento debe ser de defensor judicial.

El 9 de abril de 2025, el Banco Popular presentó demanda de Ejecución de Hipoteca en contra dos (2) sucesiones, siendo la Sucn. de Valerie Marie Santos Rosario compuesta por Andrés Miguel Figueroa Santos la pertinente al caso de autos. Al ser Andrés Miguel Figueroa Santos un menor de edad, y su progenitor formar parte del caso, el Banco Popular solicitó al TPI que designara un defensor judicial. Debido a que, el padre del menor no informó quien pudiera realizar dicha función, el TPI designó al Lcdo. Cruz Torres como abogado de oficio.

La Regla 8(h) y 9(b) del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, *supra* establece cuales son los criterios que puede ponderar el foro primario para poder relevar un abogado de oficio. El abogado tendrá que presentar un escrito al tribunal en el cual tendrá que demostrar justa causa para poder ser relevado. Uno de los criterios que considerara como justa causa es el quebrantamiento de los deberes éticos de *diligencia y competencia*. (*Énfasis suplido*)

En *In Re Radinson Perez et al.*, (2020) se expuso que:

> [e]l deber de *diligencia* que impone el Canon 12, *supra*, se refiere al deber de actuar oportunamente a favor de un cliente o respecto a órdenes del tribunal [, mientras que e]l deber de *competencia*, por su parte, puede delimitarse al deber de poseer los conocimientos jurídicos necesarios para la tramitación adecuada de un caso o gestión profesional.

El Lcdo. Cruz Torres en su Peticion de *Certiorari* expresó que "nunca ha litigado casos ante los tribunales, habiendo dedicado los 40 años de su práctica profesional exclusivamente a funciones administrativas y gerenciales relacionadas con el sector de servicios de salud". (Negrillas omitidas).

Por consiguiente, el Lcdo. Cruz Torres no tiene las destrezas forenses necesarias para poder brindar una representación legal adecuada a la parte demandada. El Peticionario cumple con uno de los criterios para poder ser relevado como abogado de oficio, dado a que nunca ha incursionado en la práctica jurídica contenciosa ante los tribunales. Por lo tanto, no se le puede considerar como un abogado con competencia en materia de litigación. Designarlo como abogado de oficio pondría a la parte demandada en un estado de vulnerabilidad. Tampoco procede la designación como Defensor Judicial.

**IV.**

De conformidad a los fundamentos antes expuestos, se expide el auto de *Certiorari* y se revoca la Orden emitida por el Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.  La Juez Lotti Rodríguez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones